UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22408-CIV-COOKE/GOODMAN

EDUARDO AND CARMEN AMORIN, *et al.*,
individually and on behalf of all others similarly
situated,

      Plaintiffs,

vs.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG
TAIHE DONGXIN CO., LTD, *et al.*,

      Defendants.

_____/

**ORDER**

THIS MATTER is before the Court on Class Counsel's Amended Motion for an Award of Common Benefit Costs and/or Fees Out of the Proceeds of the Florida Individual Settlement (the "Amended Motion") (ECF No. 384), filed on March 10, 2020. Class Counsel[1] request 60% of the attorneys' fees charged by Individual Counsel to their Florida *Amorin* clients who participated in the Florida Individual Settlements ("FIS"). ECF No. 384. In response, Individual Counsel[2] argue the Court should award $0 to Class Counsel, and, in the alternative, no more than 5% of the recovery for fees and 1% of the recovery for costs. *See* ECF No. 390. For the following reasons, the Court will **GRANT** *in part* the Amended Motion and award Class Counsel 45% of the attorneys' fees Individual Counsel received from the FIS.

---

[1] "Class Counsel" consist of Attorneys Arnold Levin, Stephen J. Herman, Richard J. Serpe, Patrick S. Montoya, and Sandra L. Duggan.  ECF No. 330-1 at 1, n. 3.
[2] "Individual Counsel" consist of (i) Parker Waichman LLP; (ii) Milstein Jackson Fairchild & Wade LLP; (iii) Whitfield Bryson & Mason LLP; (iv) Mrachek Fitzgerald Rose Konopka Thomas & Weiss PA; (v) Roberts and Durkee PA; and (vi) Levin Papantonio Thomas Mitchell Rafferty Proctor PA. *See* ECF No. 390 at 2, n. 1; ECF No. 396 (order granting Motion for Permission to File Notice of Joinder to Opposition).

## BACKGROUND

On September 26, 2014, Judge Fallon certified the *Amorin* class of homeowners with defective drywall manufactured by the Taishan Defendants and appointed Class Counsel to oversee the prosecution of the litigation. ECF No. 330-1 at 6. On June 7, 2018, this matter was remanded to this Court from the Eastern District of Louisiana (the "MDL Court"). ECF No. 13. Subsequently, Individual Counsel negotiated an agreement with Defendant Taishan that offered 498 *Amorin* class members who had properties in Florida to individually settle their claims. *See* ECF No. 187-2; ECF No. 315 at 10.

Individual Counsel announced these Florida Individual Settlements (the "FIS") on March 7, 2019, through the filing of a Joint Notice of Settlement Agreement with the MDL Court. *Id.* On March 14, 2019, Class Counsel filed a Motion for an Order to Protect the Florida *Amorin* Class, arguing that "Settling Counsel and Taishan categorize[d] [the FIS] as individual settlements only, so as to avoid the procedural safeguards afforded to class settlements under Rule 23." ECF No. 192 at 6. On March 19, 2019, the Court entered an order striking the Notice of Settlement and staying execution of the settlement agreement until further order of the Court. ECF No. 196. After a hearing on June 5, 2019, the Court lifted the stay as to the FIS. ECF No. 313. Defendant Taishan made a total payout of $40,744,712.88 to the claimants who accepted the FIS.[3] *See* ECF No. 400. The claimants paid attorneys' fees to Individual Counsel via private contingency fee agreements. *Id.*

On August 8, 2019, Class Counsel filed a Motion for an Award of Common Benefit Costs and/or Fees Out of the Proceeds of the Florida Individual Settlement. ECF No. 320. On August 26, 2019, Class Counsel filed a corrected version of that Motion (the "Corrected Motion") to reflect a revised analysis by Philip A. Garrett, C.P.A. *See* ECF No. 330-1. Class Counsel requested fees and costs amounting to "20% of the total funds paid in the FIS." ECF No. 330-1 at 4. Individual Counsel opposed, arguing Class Counsel is not entitled to any fees or costs from the FIS. ECF No. 337-1. In their reply in support of the motion, Class

---

[3] Taishan paid $25,356,999.83 as the Formula Amount Component to the claimants who accepted the FIS plus an additional sum of $2,535,700.22 as the Attorneys' Fees Component, for a total payout of $27,892,700.05. *See* ECF No. 400. Under the Most Favored Nations Buyout Agreement, Taishan paid $11,683,648.06 to the accepting claimants plus the additional sum of $1,168,364.78 in attorney fees, for a total payout of $12,852,012.83. *Id.*

Counsel noted that this Court could wait for the MDL Court to enter its order on the fairness of the Class Settlement, including an award of attorneys' fees, "before delving into the factually involved analysis required by *Camden I*." ECF No. 344 at 15.

On January 10, 2020, Judge Fallon, presiding over the MDL Court, issued an order granting final approval of the class settlement, certifying a settlement class, and awarding attorneys' fees and costs (the "MDL Order").  ECF No. 368-1. Judge Fallon awarded 19% of the settlement fund in attorneys' fees. *Id.* Common benefit counsel received 60% of the fee award and contract counsel received 40% of the fee award.  *Id.*

On March 10, 2020, Class Counsel filed the Amended Motion, requesting this Court adopt Judge Fallon's reasoning outlined in the MDL Settlement Order and award Class Counsel "60%[4] of the attorneys' fees charged by the Settling Attorneys to their Florida *Amorin* clients who participated in the FIS." ECF No. 384 at 2.  Individual Counsel opposes the Amended Motion.[5]

## DISCUSSION

Class Counsel asks the Court to award them 60% of the attorneys' fees received from the FIS, which they assert "adopts the reasoning of the MDL Court, and is based on the evidence presented in Class Counsel's fee petition." ECF No. 384 at 2. Individual Counsel argues that Class Counsel are not entitled to a portion of the fees received in the FIS because 1) there is no unjust enrichment to warrant use of the common benefit doctrine, 2) Class Counsel forfeited their right to fees under Florida law, and 3) forfeiture of fees is proper under the "unclean hands" doctrine. ECF No. 337-1. Further, Individual Counsel argue that if the Court grants the fee request, it cannot rely on the MDL Order because such reliance would violate Individual Counsel's Due Process rights and the Eleventh Circuit's requirement that an order awarding attorneys' fees must contain a "level of specificity…

---

[4] The Court notes that the Amended Motion effectively decreases the amount of fees requested by $371,674.65.

[5] Both Class and Individual Counsel have asked the Court to set this matter for oral argument and state generally that the Court would benefit from such a hearing.  As this issue has been fully briefed on both the Corrected Motion (ECF No. 330) and the Amended Motion (ECF No. 384), the Court does not find oral argument necessary.  *See* L.R. 7.1(b) ("The Court in its discretion may grant or deny a hearing [for oral argument] as requested, upon consideration of both the request and any response thereto by an opposing party.")

proportional to the specificity of the fee opponent's objections." ECF No. 390 at 2 (citing *In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019)). For the following reasons, the Amended Motion is granted in part.

## I.     CLASS COUNSEL ARE ENTITLED TO COMMON BENEFIT FEES

Individual Counsel describe Class Counsel's fee request as a "misguided attempt to invoke federal equity authority to recover a share of contractual contingency fees – not a common fund recovery – paid to private attorneys who negotiated and continue to administer hundreds of individual, non-Rule 23, settlements." ECF No. 337-1 at 1. While the Court is mindful that the FIS is not a class settlement, it finds that these settlements between Defendant Taishan and 497 *Amorin* class members occurred with the benefit of Class Counsel's efforts on behalf of the class.

The Supreme Court has "recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Court noted that the common benefit doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.* at 478. In a decision binding on this Court, the Fifth Circuit reasoned that "if lead counsel are to be an effective tool the court must have means at its disposal to order appropriate compensation for them. The court's power is illusory if it is dependent upon lead counsel's performing the duties desired of them for no additional compensation." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1016 (5th Cir. 1977).

First, Individual Counsel contend there is no unjust enrichment because they "earned these fees through eighteen months (and counting) of complex negotiations, litigating (against Class Counsel), and administering the settlements." ECF No. 337-1 at 2. While it may be true that Individual Counsel performed important work leading to the FIS, Individual Counsel do not contest that Class Counsel performed work on behalf of the class, including the FIS claimants, since they were appointed as Class Counsel in 2014. As Class Counsel notes, they effectuated service on and established jurisdiction over Taishan, obtained default judgments against Defendants, "certified a litigation class, which as a result of the default judgments established liability for all *Amorin* class members (including every

4

Plaintiff in the FIS), [and] proved to this Court that the rulings obtained in the MDL were correct and should be adopted in this tribunal." ECF No. 344 at 2. Class Counsel's efforts on behalf of the class brought Taishan to the bargaining table, and the Common Benefit doctrine lends to appropriate compensation for those efforts.

Next, Individual Counsel argue that if this Court awards fees to Class Counsel, it must "utilize the lodestar methodology, as under Florida law (where a contract is terminated through no fault of a lawyer) or under federal common law in for fee-shifting claims." ECF No. 337-1 at 17. The Court disagrees. The Eleventh Circuit has held that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class. The lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).

This is not a fee-shifting case. In *Home Depot*, the Eleventh Circuit stated that "the key distinction between common-fund and fee-shifting cases is whether the attorney's fees are paid by the client (as in common-fund cases) or by the other party (as in fee-shifting cases)." *In re Home Depot Inc.*, 931 F.3d 1065, 1079 (11th Cir. 2019). The court held "that the constructive common fund does not apply when the agreement provides that attorney's fees will be paid by the defendant separately from the settlement fund, and the amount of those fees is left completely undetermined." *Id.* at 1081. Here, the attorneys' fees are primarily paid by the claimants. *See* ECF No. 400. Unlike the fee-shifting agreement in *Home Depot*, the amount Taishan paid claimants "towards payment of Settling Claimants' attorneys' fees" was not "left completely undetermined." To the contrary, Taishan agreed to pay each claimant exactly 10% of their individual recovery towards payment of their attorneys' fees. ECF No. 400 at 2.

## II.   CLASS COUNSEL HAVE NOT FORFEITED THEIR RIGHTS TO FEES

Individual Counsel argue that Class Counsel's "fee request is barred by Florida's law on forfeiture of fees." ECF No. 337-1 at 1. The Florida Supreme Court has held that "when an attorney withdraws from representation [in a contingency fee case] upon his own volition, and the contingency has not occurred, the attorney forfeits all rights to compensation." *Faro v. Romani*, 641 So. 2d 69, 71 (Fla. 1994). However, Class Counsel did not have contingency fee agreements with the FIS plaintiffs nor did they withdraw from

representation. While Individual Counsel claim that "it is indisputable that Class Counsel terminated their representation of the Eligible Plaintiffs prior to execution of [the FIS]," Class Counsel does, in fact, dispute that they terminated their representation. *See* ECF No. 344 at 11. Individual Counsel notified Class Counsel of their intent to represent their clients individually and separate from the other *Amorin* Class members and that Class Counsel were not to represent those clients upon remand. *See* ECF No. 344 at 11; ECF No. 40 at 22 (Mr. Faircloth informing the Court of his position that "Mr. Montoya has no authority to speak for Parker Waichman's clients"). Therefore, Individual Counsel's reliance on *Faro* to argue that Class Counsel forfeited their right to compensation is misplaced.

Individual Counsel also argue that Class Counsel have forfeited their entitlement to fees from the FIS based on the "unclean hands" doctrine because Class Counsel 1) "deliberately avoided formal authority to avoid Rule 23 scrutiny" and 2) breached their fiduciary duty to the 498 *Amorin* class members eligible for FIS. ECF No. 337-1 at 10.

First, Individual Counsel argue that Class Counsel's "intentional avoidance of formal authority…exposed all plaintiffs to predictable risks [and] although the Global Settlement may prevent those risks from materializing, there is no denying that the rights of individual litigants would have been better served under a leadership regime respecting the disparity of the claims and the limitations of counsel." ECF No. 337-1 at 13. But, the Court cannot find Class Counsel has unclean hands simply because Individual Counsel believes Class Counsel should have taken a different approach to the litigation. Individual Counsel does not cite to any authority in support of this position. Moreover, there is no evidence that Class Counsel avoided formal authority. To the contrary, Class Counsel were appointed to represent the class in 2014, and upon remand from the MDL, this Court appointed Mr. Montoya as interim lead counsel. *See* ECF No. 40 at 22.

Second, Individual Counsel argue that Class Counsel breached their fiduciary duty to the 498 *Amorin* class members by attempting to delay execution of the FIS and negotiating a global settlement that excluded the FIS claimants. ECF No. 337-1 at 2. Some courts have found fee forfeiture appropriate where attorneys act in bad faith, such as by failing to disclose conflicts of interest to the class and the court. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1238–39 (S.D. Fla. 2006) (finding partial forfeiture appropriate and reducing attorneys' fees and incentive award by 25%, where the attorneys

6

seeking the award "acted in 'bad faith' by failing to fully disclose their fee splitting agreement … and by filing their affidavits … without making appropriate disclosures"). Fee forfeiture is an equitable remedy that "requires careful consideration of all the relevant circumstances." *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 102 (2d Cir. 2003) (declining to require counsel to forfeit fees where they were placed "in a position of potential conflict" of interest but acted with "utmost good faith.").

The Court does not agree with Individual Counsel's assertion that "for all practical purposes, Class Counsel kicked the Eligible Plaintiffs out of the *Amorin* Class." *See* ECF 337-1 at 16. Individual Counsel chose to settle their clients' claims individually and outside of the class settlement. Moreover, the FIS claimants were able to increase their recovery through the global settlement's impact on the Most Favored Nations ("MFN") clause. *See* ECF No. 400 at 4. The record does not support a finding that Class Counsel breached their fiduciary duty to the class or otherwise acted in bad faith. Accordingly, the Court cannot find that Class Counsel have forfeited their entitlement to fees under the "unclean hands" doctrine.

## III.    DIVISION OF FEES

Having determined that Class Counsel are entitled to common benefit fees, the Court must now determine what percentage of the fees received by Individual Counsel should be awarded to Class Counsel. The Eleventh Circuit has held that the following factors can be used to evaluate a request for a percentage fee award in common fund cases:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions involved;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and the length of the professional relationship with the client;
> (12) awards in similar cases.

*Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772-775 (11th Cir. 1991) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)). These factors are not exclusive,

and "in most instances, there will also be additional factors unique to a particular case which will be relevant to the district court's consideration." *Id.* at 775.

Class Counsel addresses seven of the *Camden* factors in their Corrected Motion, including the time and labor required, the novelty and difficulty of the issues, the requisite skill of the attorneys, preclusion of other employment, and the results obtained. *See* ECF No. 330-1 at 13-21. Considering all factors presented in this case, the Court finds reasonable a common benefit fee award of 45% of the fees received in the FIS.

Class Counsel outline the time-consuming labor they conducted for the benefit of all plaintiffs since January 2014, including over 30 depositions of parties and third parties. *See* ECF No. 330-1 at 14. Class Counsel submitted the affidavit of Philip A. Garrett, C.P.A., the court-appointed CPA in the MDL Court, and a declaration made under the penalty of perjury by Patrick Montoya and Sandra Duggan, who are members of Class Counsel. ECF Nos. 330-2; 320-1. Class Counsel submit that since January 2014, the effort toward this litigation "consumed over 104,540 hours by attorneys with a lodestar value of $71,906,164.00." ECF No. 330-1 at 16. This arduous litigation is also thoroughly discussed in the MDL Order.

Individual Counsel does not dispute that Class Counsel conducted the work described. Rather, they argue that this Court lacks authority to award what they describe as "supplemental" fees. While Individual Counsel do not make any specific objections to Class Counsel's *Camden* analysis, Individual Counsel state that they "expressly challenge the lodestar alleged by Class Counsel as including excessive, redundant and unnecessary time and expenses." ECF No. 337-1 at 18. Even considering this general objection, the Court finds Class Counsel exerted a great deal of time and labor that directly benefited the FIS claimants, and this factor weighs heavily in favor of the fee award here.

Class Counsel also claim they were precluded from taking on other cases because of the time spent on this litigation. Judge Fallon found that "there is no evidence to suggest that counsel were precluded from other employment by having accepted responsibilities inherent in this case." ECF No. 368-1 at 63. This Court agrees. However, the Court acknowledges that Class Counsel undertook the substantial risk of litigating this case on a contingency basis. Such risk included paying out-of-pocket expenses and "devot[ing] three partners to this litigation virtually full time" without guarantee they would be reimbursed.

*See* ECF No. 330-1 at 23.

The Court also finds that the results achieved in the FIS support the fee award in this case. While the Court acknowledges that Individual Counsel negotiated and administered the FIS, it would be impractical to find that these results were obtained without any benefit from the years of litigation conducted by Class Counsel leading up to the FIS. Additionally, FIS claimants increased their total recovery by $12,852,012.83 when they "liquidated their MFN rights based on the approximate anticipated value of comparable claims in the global settlement." ECF No. 400 at 4. The Court agrees with Class Counsel that their "ability to bring a Chinese corporation to the bargaining table to resolve a product liability action in the United States represents an outstanding result." ECF No. 330-1 at 20.

Class Counsel asks this Court to award them 60% of the attorneys' fees received based on the reasoning in the MDL Order. Individual Counsel argue that Due Process and the Eleventh Circuit's "specificity" requirement for fee awards prevents the Court from adopting the MDL Order in ruling on the instant motion.  Alternatively, Individual Counsel argues that if the Court relies on the MDL Order, it should find that the order "actually defeats Class Counsel's request for *any* fees from the individual settlements by closing the chapter on Chinese Drywall common benefit fees." ECF No. 390 at 2 (emphasis in original).

The MDL Order applied the blended method to calculate the attorneys' fees to be awarded. First, Judge Fallon determined the value of the benefit claimants received and assigned 19% as an initial benchmark percentage. Then, Judge Fallon determined the benchmark percentage did not need to be adjusted in light of the *Johnson* factors. Finally, he found the fee was reasonable upon conducting a lodestar analysis. Of those fees awarded, Judge Fallon determined it was appropriate that Individual Counsel received 40%, recognizing that they "generally performed significant works for their clients" but that the work performed "can be done—and usually is done—by non-lawyers working under the supervision and direction of attorneys." ECF No. 368-1 at 67. Conversely, Judge Fallon noted that Class Counsel performed "discovery, travel (both domestic and foreign), motion practice, conferences, appeals, court appearances, and settlement negotiations." *Id.* at 66. Accordingly, he concluded that Class Counsel were entitled to 60% of the attorneys' fees

awarded. *Id.* at 67. The Court finds Judge Fallon's reasoning persuasive and instructive.[6]

Individual Counsel's argument that the MDL order "defeats Class Counsel's request for *any* fees from the individual settlements by closing the chapter on Chinese Drywall common benefit fees" is without merit. *See* ECF No. 390 at 2. The fees awarded in the MDL Order were for a percentage of the total benefit received by those claimants, and not an hourly payment for the work performed. Judge Fallon found the fees awarded to Class Counsel in that matter reasonable under the circumstances of that settlement, which included the amount recovered in the global Class Settlement and the fact that each claimant would not receive the funds necessary to completely remediate their property. The Court agrees with Class Counsel that "there is nothing in the record to suggest that Judge Fallon ruled that common benefit counsel have already been compensated for their efforts in the remanded litigation." ECF No. 391 at 4.

However, the Court disagrees with Class Counsel's contention that awarding 60% to Class Counsel "adopts the reasoning of the MDL Court." Such an outcome would completely disregard the time, effort, and skill Individual Counsel exerted on the FIS negotiations. While Class Counsel handled the settlement negotiations leading to the global Class Settlement— which Judge Fallon considered in concluding that Class Counsel should receive 60% of the fees awarded—Individual Counsel handled the settlement negotiations leading to the FIS. Class Counsel does not contest this distinction. In fact, they admit they did not know of the FIS until Individual Counsel filed the Notice of Settlement Agreement in the MDL. *See* ECF No. 344 at 7. Accordingly, the Court's fees determination accounts for what Individual Counsel describe as "eighteen months (and counting) of complex negotiations, litigating (against Class Counsel), and administering the settlements." ECF No. 337-1 at 2. As a result, the Court finds Class Counsel is entitled to 45% of the total fees (paid by both Taishan and clients) received by Individual Counsel from the FIS.

---

[6] The Court notes that Individual Counsel argue that "basic due process forbids the use of judicial findings against a party denied the right to be heard." ECF No. 390 at 2. As Individual Counsel filed an extensive opposition to both the Corrected Motion and the Amended Motion, the Court is satisfied that Individual Counsel have had ample opportunity to be heard.

## CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Class Counsel's Amended Motion for an Award of Common Benefit Costs and/or Fees Out of the Proceeds of the Florida Individual Settlement (ECF No. 384) is **GRANTED** *in part* and Class Counsel are awarded 45% of the total fees (paid by both Taishan and clients) received by Individual Counsel from the FIS.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of May 2020.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*